UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                    Case No. 8:14-CR-521-T-27AEP

EDWARD NEIL FELDMAN
and KIM XUAN FELDMAN
_____/

## ORDER

**BEFORE THE COURT** is Defendant Kim Xuan Feldman's Motion to Sever the Defendants' Trials and request for oral argument (Dkt. 57) and the Government's opposition (Dkt. 59). Upon consideration, Defendant's motion (Dkt. 57) is DENIED.

The Indictment charges Defendants with conspiracy to illegally distribute Schedule II and IV narcotic prescription medications outside the scope of professional practice and not for legitimate purpose (Count One), conspiracy to launder proceeds from Feldman Orthopedic and Wellness Center (Count Five) and three substantive charges of money laundering (Counts Six through Eight). Edward Feldman is individually charged with illegally distributing prescription medications that resulted in the death of three individuals (Counts Two through Four). (Dkt. 1).[1] In summary, Defendant Kim Xuan Feldman contends Defendants are (1) improperly joined, and (2) she should be severed for trial, since the offenses charged in Counts Two, Three and Four "are not part of the same series of acts or transactions underlying Counts One and Counts Five through Eight."

**Improper Joinder**

Rule 8(b), Fed.R.Crim.P. provides:

The indictment or information may charge 2 or more defendants if they are

---

[1] Defendants are married and worked together in Edward Feldman's medical practice, Feldman Orthopedic and Wellness Center (Dkt. 57, p. 4). Edward Feldman is a physician and Kim Feldman worked in an administrative capacity at the clinic. Id.

alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b) is a pleading rule and therefore the propriety of joinder is determined by examining the allegations in the Indictment. *United States v. Morales*, 868 F.2d 1562, 1568 (11th Cir. 1989). "If the indictment's allegations, taken as true, establish a single conspiracy, and there is no claim of prosecutorial bad faith or an erroneous interpretation of law, the court must conclude that the initial joinder was proper." *Id.* at 1569, *quoting United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir.), *cert. denied*, 474 U.S. 1064 (1986); *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir.) ("Rule 8(b) ... makes clear that joinder of the defendants for trial is proper where the indictment charges multiple defendants with a single conspiracy and also charges some of the defendants with substantive counts arising out of the conspiracy."), *cert. denied*, 488 U.S. 861 (1988).

In Count One, both Defendants are charged with having conspired to illegally distribute Schedule II and IV narcotic prescription medications. Counts Two, Three and Four charge Edward Feldman with substantive offenses of illegally distributing prescription medications during the time frame of the conspiracy charged in Count One. The Government argues that Counts Two, Three and Four are "substantive counts that flow from the drug conspiracy charged in Count One," a plausible conclusion which can be deduced from the face of the Indictment. Based on the allegations of the Indictment, therefore, the initial joinder of the Defendants is proper.

### Severance

Alternatively, Defendant contends that her trial should be severed under Rule 14(a) to avoid undue prejudice. In making that determination, "the right of the defendant to a fair trial" is

balanced "against the public's interest in efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). Severance is warranted only when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to her defense, resulting in "fundamental unfairness." *Id*. Defendant fails to meet this threshold.

Defendant first expresses concern, based on the more than 13,000 pages of discovery, that the "overwhelming majority" of evidence will involve only Edward Feldman writing prescriptions "not for a legitimate medical purpose and not in the usual course of professional practice." But a defendant does not suffer "compelling prejudice simply because much of the evidence at trial is applicable only to his codefendants," even when the disparity is "enormous." *Id., quoting United States v. Schlei*, 122 F.3d 944, 984 (11th Cir.1997). Moreover, Count One charges the Defendants with conspiracy. Generally, "defendants who are indicted together are usually tried together." *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir.2007). "That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *United States v. Lopez*, 649 F.3d at 1234 (11th Cir. 2011), *quoting United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir.1991).

Nor does the potential prejudicial spill over effect from the evidence supporting the charges that Edward Feldman caused the deaths of three individuals support a finding of "specific and compelling prejudice." In *United States v. Alvarez*, 755 F.2d 830 (11th Cir. 1985), two of the defendants complained that evidence of the murder of a federal agent, a crime with which they were not charged, but which was committed by a co-defendant, was so highly prejudicial that the spill over effect prevented them from receiving a fair trial. While the Eleventh Circuit found the "spillover" prejudice "somewhat troubling," it affirmed the district court's denial of the requested severance, noting that the district court gave cautionary instructions to the

3

jury and restricted the introduction of inflammatory or prejudicial evidence of the murder.

To avoid prejudicial "spillover effect," cautionary instructions are to given explaining that "certain evidence is to be considered relevant only as to certain defendants or certain charges." *United States v. Lopez*, 649 F.3d at 1234. "[S]everance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of such instructions." *Id*. Here, any potential spill over effect from the evidence demonstrating that Edward Feldman caused the deaths of three individuals can be minimized, if not eliminated, by appropriate cautionary instructions.

The Government is forewarned, however, to marshal its case to avoid the introduction of inflammatory evidence, and to alert defense counsel and the court before presenting any arguable inflammatory evidence in the presence of the jury.

**DONE AND ORDERED** this 25th day of August, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record