## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                                    **Case No. 8:14-cr-521-T-27AEP**

**EDWARD NEIL FELDMAN**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Feldman's *pro se* "Motion to Reduce Sentence or For Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Dkt. 434), and the United States' response (Dkt. 437). Upon consideration, the motion is **DENIED**.

Feldman stands convicted of one count conspiring to distribute controlled substances without a legitimate medical purpose, one count conspiring to commit money laundering, three counts of illegal monetary transactions, and three counts of distributing controlled substances, without a legitimate medical purpose, to three individuals resulting in their deaths. (Dkt. 333). He was sentenced to 300 months imprisonment. (Id.). His convictions were affirmed on appeal, but the sentences he received on three counts were vacated. (Dkt. 406). He was resentenced to 240 months imprisonment and an amended judgment was entered. (Dkt. 415). That judgment is currently on appeal. (Dkt. 428).

Feldman seeks compassionate release based on what he contends are "extraordinary and compelling" reasons. Construing his motion liberally, he contends that a sentence reduction is warranted because his "personal circumstances have changed throughout the years." (Dkt. 434 at 1). He asserts that he suffers from hypertension, diabetes, morbid obesity, arrythmia, and a

1

myocardial infraction, and that these "[c]onditions . . . put his life at risk from COVID-19 infection." (Id.). He requests that his sentence be reduced to time served. (Id. at 9).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies following the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Feldman contends that he filed a request with the prison to bring a motion on his behalf more than 30 days ago, but "the warden has not done so."[1] (Dkt. 434 at 3). He further contends, "the COVID-19 pandemic generates an exception to [§ 3582(c)(1)(A)'s] waiting period." (Id. at 3 n.2). In its response, the United States argues that Feldman has failed to exhaust his administrative remedies. Specifically, it contends that he "has not filed any such request [with the warden] based on COVID-19 concerns" and that his motion for compassionate release "based on COVID-19" should not be considered until he has appealed the warden's denial "or after 30-day lapse from such an appeal." (Dkt. 437 at 10; Dkt. 437-2).

Upon review, at least 30 days have elapsed since the warden received Feldman's only request for compassionate release based on his age and medical issues. Accordingly, pursuant to 18 U.S.C. § 3582(c)(1)(A), he could submit a motion seeking compassionate release, based on those same grounds, regardless of whether he appealed the warden's decision. As noted, however, he now seeks compassionate release due to his "declining health and the COVID-19 pandemic." (Dkt. 434 at 1). While he properly pursued administrative relief before he filed this motion for

---

[1] Indeed, in September 2019, Feldman requested that the Bureau of Prisons consider compassionate release based on his age and medical conditions. (Dkt. 437-1). On October 1, 2019, that request was denied and the denial included findings that his medical conditions were stable and that they did not affect his ability to function in a correctional setting. (Id.). He did not appeal that decision.

compassionate release, he has not exhausted his administrative remedies regarding his contentions based on COVID-19.[2] In any event, he fails to show extraordinary and compelling reasons to grant compassionate release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt.

---

[2] *See United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) ("[Defendant] has not presented any evidence that she made a request to the Warden for compassionate release based on her asthma and fear of exposure to COVID 19. Since she has not complied with the statute, the Court lacks authority to consider her motion."); *United States v. Mollica*, No. 2:14-cr-329, 2020 WL 1914956, at *6 (N.D. Ala. Apr. 20, 2020) ("For a prisoner to file a motion for compassionate release under § 3582, the prisoner must first exhaust administrative remedies by seeking relief from the warden and having such relief either declined or ignored. While [defendant] properly pursued administrative relief before she filed her first motion for compassionate release based on her transabdominal mesh and fibroid, she has provided no indication that she exhausted her administrative remedies regarding her complaint about COVID-19. Therefore, she cannot properly bring her motion to this court.") (internal citations omitted).

To the extent Feldman contends that COVID-19 "generates an exception to the waiting period," courts in this Circuit have rejected that contention. *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A)").

n.1. None of Feldman's contentions fall within application notes (A)-(C).[3] Nor does he provide any medical documentation that supports his asserted medical conditions or a finding that the conditions make him unable to provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at \*1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at \*1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

As for application note (D), to the extent Feldman contends this Court has discretion to consider what constitutes an extraordinary and compelling reason outside of the Sentencing Commission's policy statement, courts in this Circuit have rejected this contention. *See*, *e.g.*, *Smith*, 2020 WL 2512883, at \*6 ("general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13"); *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at \*1 (S.D. Ga. Dec. 10, 2019). Although he cites the sentencing factors in 18 U.S.C. § 3553, in the absence of an extraordinary and compelling reason or other basis to warrant a reduction, this Court is without authority to reduce or modify his sentence. *See* (Dkt. 434 at 9-13); 18 U.S.C. § 3582(c)(1).

In sum, none of Feldman's reasons are encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy

---

[3] Although 80-years old, Feldman does not qualify for compassionate release under application note (B), as he has only served four years of his 20 year sentence. *See* § 1B1.13 cmt. n.1(B).

statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED**.

        **DONE AND ORDERED** this 7th day of July, 2020.

/s/ James D. Whittemore

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record